FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**December 4, 2023**

_____

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DEXTER DEWAYNE BAKER,

Defendant - Appellant.

No. 23-3105
(D.C. No. 6:12-CR-10076-JWB-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **KELLY**, and **MORITZ**, Circuit Judges.
_____

This appeal involves a motion to reduce a sentence. The district court denied the motion, and the defendant (Mr. Dexter Baker) appeals.

The appeal grows out a conviction to possess cocaine base with intent to distribute. For this conviction, the district court imposed a sentence of 200 months' imprisonment.

---

[*]     Oral argument would not help us decide the appeal, so we have decided the appeal based on the record and the parties' briefs. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

Mr. Baker sought a sentence reduction, arguing that

- if he were sentenced today, the Department of Justice would have charged him differently and the different charges would have led to a lower guideline range and

- a sentence reduction was appropriate based on his rehabilitative efforts while in prison.

Mr. Baker argues on appeal that the district court failed to address these arguments. We disagree.

First, Mr. Baker argues that the district court failed to address his reliance on the Department of Justice's current charging practices. According to Mr. Baker, the court conflated this argument about charging practices with a separate argument about proposed legislation.

The court didn't conflate the two arguments. The court rejected Mr. Baker's argument involving the proposed legislation on the ground that the legislation hadn't been enacted yet. R., Doc. 105-1, at 6–7. But the court recognized that Mr. Baker was separately relying on the Department of Justice's policies:

> Defendant's argument is similarly speculative that an offender committing a similar offense today would be charged differently and would face a lower guideline range because of current DOJ/United States Attorney policies. The court cannot speculate about how Defendant might have otherwise been charged, but it is clear from the record that the sentencing judge believed, based on Defendant's record, that a sentence higher than that called for by the guidelines was warranted.

*Id.* at 7.

2

Mr. Baker also complains that the district court ignored his evidence. That evidence involved a statement by the government that it wouldn't object to a codefendant's downward variance given the inequity in the guidelines for offenses involving powder cocaine and cocaine base. *United States v. Banks*, No. 13-40060-DDC-1, Sent. Tr. at 32 (D. Kan. Nov. 30, 2021) (Doc. 1544).[1] But the district court had no need to separately address this evidence. The court presumably recognized, as we do, that the Department of Justice has sometimes supported sentence reductions based on the disparity between guideline ranges for crimes involving powder cocaine and cocaine base. But the court reasoned that it didn't know whether the Department of Justice's current charging practices would have lowered Mr. Baker's guideline range. And Mr. Baker doesn't challenge this reasoning.

Second, Mr. Baker argues that the district court overlooked his claim involving rehabilitative efforts while in prison. But the court did address this claim. The court acknowledged that Mr. Baker's "submissions indicate . . . commendable efforts to engage in programs designed to promote rehabilitation." *Id.* at 9. But the court concluded that these rehabilitative

---

[1]     Mr. Baker cites a brief by defendant Thompson, which had in turn cited the sentencing transcript for defendant Banks. *United States v. Thompson*, No. 13-40060-DDC-10, Supp. to Mot. to Reduce Sent. Under 18 U.S.C. § 3582(c)(1)(A) at 7 n.17 (D. Kan. Feb. 14, 2022) (Doc. 1554).

efforts didn't outweigh Mr. Baker's criminal history, including theft, two convictions for resisting arrest, aggravated battery, multiple driving offenses, speeding, hit and run, multiple drug offenses, and two forgery offenses. *Id.* at 9.

Because the district court addressed these issues and Mr. Baker doesn't challenge the court's reasoning, we affirm the denial of a sentence reduction.[2]

Entered for the Court


Robert E. Bacharach
Circuit Judge

---

[2]     Mr. Baker also seeks leave to proceed in forma pauperis. We grant leave because Mr. Baker cannot afford to prepay the filing fee.